TAGGART v. SHILSTONE et al.

SAME v. SHILSTONE.

(Court of Appeals of District of Columbia. Submitted November 10, 1924. Decided January 5, 1925.)

Nos. 1667, 1668.

1. Patents ⟨⟩91(4)—Affidavit of senior party in interference proceedings antedating activity on part of junior parties held disclosure of invention.

In interference proceedings, senior party's affidavit, antedating activity on part of junior parties, stating that he had discovered that fibrous rice material could be carbonized, so as to produce a carbon and silica mixture having high decolorizing power, particularly suitable for treatment of sugar materials, *held* disclosure of invention of process of producing decolorizing material by use of rice fiber carbon, though it did not disclose nature of chemicals used, and though subsequent thereto experimentation was necessary to perfect the process, in view of the prior art.

2. Patents ⟨⟩113(6)—Jurisdiction of Court of Appeals in interference proceedings limited to determination of priority.

The jurisdiction of the Court of Appeals on appeal from decision of Commissioner of Patents in interference proceedings is limited to determination of priority, and does not extend to question of patentability.

Appeal from Assistant Commissioner of Patents.

Interference proceedings between William G. Taggart and Herbert M. Shilstone and another, and between William G. Taggart and Herbert M. Shilstone. From decisions awarding priority to senior party Herbert M. Shilstone in each case, William G. Taggart appeals. Affirmed.

A. J. Decker, of Washington, D. C., for appellant.

T. A. Witherspoon and W. B. Kerkam, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. These are appeals from a decision of the First Assistant Commissioner of Patents, affirming the decision of the Board of Examiners in Chief, and awarding priority to the senior party, Shilstone. The Assistant Commissioner treated these interferences as one case, and we shall do the same.

The invention relates to a decolorizing material intended for the treatment of sugar solutions and the process of producing that material. Count No. 1 in the first interference is sufficiently illustrative and reads as follows:

"1. The process for producing a carbonaceous material for decolorizing liquids, which consists in partially burning to a charred mass fibrous rice material containing silica, treating the charred material, after cooling, with an alkali under such conditions as will produce a porous mass, and removing the residual alkali from the mass, such charring and treatment with alkali being so conducted as to leave a final product substantially free of resinous substance."

The decisions of the Board and Assistant Commissioner contain a very full and satisfactory analysis of the evidence, and, since we agree with the conclusion reached, we shall do no more in this opinion than direct attention to a single item of evidence.

Prior to July 12, 1916, Shilstone accidentally produced carbon from rice straw and conceived the idea of using this carbon as a decolorizing agency. On the date mentioned he made an affidavit, the authenticity of which is not in doubt, in which he said: "For the past several months I have been experimenting on carbonizing various vegetable matter, with a view of discovering a material which will decolorize sugar solutions and other colored liquids. I desire to go on record at this date as having found that fibrous rice material, whose silica contents are high, can be carbonized in a suitable manner, and this product, when treated with various chemicals, or by various chemical means, will produce a carbon and silica mixture which has a very high decolorizing power, and is particularly suitable for the treatment of sugar materials." He then declared his intention to apply for a patent.

[1] This affidavit antedates any activity on the part of Taggart, and we agree with the Assistant Commissioner that it disclosed the invention to one skilled in the art. It is contended by the appellant, however, that the affidavit does not disclose the nature of the chemicals used, and hence may not be said to disclose the issue. On this point the Assistant Commissioner said: "It may be presumed that Shilstone was familiar with the digestion of carbon with an alkali. The history of this case establishes that the prior art disclosed it was old to do this with vegetable fiber carbon to obtain a decolorizing product. The Clacher article, as well as the 'Norit process,' disclosed this much. Shilstone, knowing this, actually regarded the step in advance of the art to consist in the selection of the particular material, or rice fiber carbon. The material was new, but the way to treat it was old, in connection with treatment of other vegetable carbons. The issues of these interferences involve both these features."

With this reasoning we agree. Given the Shilstone carbon, one skilled in the art would have had no difficulty, after reading the Shilstone affidavit, in producing a decolorizing agent. It may be that to perfect it to the point since reached would have required some experimentation, but that does not alter the fact that the invention covered by these counts already had been disclosed.

[2] There was considerable discussion in the Patent Office as to whether an invention had been made. Since our jurisdiction in this proceeding is limited to a determination of priority, we, of course, express no opinion on the question of patentability.

The decision in each case is affirmed.

Affirmed.